UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROSVIN, INC.,<br><br>    Defendant. | Case No. 21-cv-06760-TSH<br><br>**ORDER RE: MOTION TO REQUIRE PLAINTIFF TO ESTABLISH STANDING**<br><br>Re: Dkt. No. 26 |

    Plaintiff Scott Johnson brings this case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, Cal. Civ. Code §§ 51-53, to compel Defendant Rosvin, Inc. to provide accessible dining surfaces at Divino Ristorante, located at 968 Ralston Avenue, Belmont, California. Rosvin now moves the Court "to order plaintiff and his lawyer to establish that standing exists to bring this lawsuit." ECF No. 26. Johnson opposes the motion. ECF No. 32.

    Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Johnson bears the burden of establishing federal subject matter jurisdiction; thus, he must prove his Article III standing to pursue his ADA claim. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) ("A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution [and] standing is a 'core component' of that requirement"). The standing analysis considers whether the plaintiff has

demonstrated (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury. *Lujan*, 504 U.S. at 560.

Injunctive relief is the only remedy available for a violation of Title III of the ADA. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("only injunctive relief is available for violations of Title III."). To prove his standing to pursue injunctive relief, Johnson must demonstrate "an injury-in-fact and a sufficient likelihood of repeated harm." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011). Johnson cannot demonstrate a sufficient likelihood of repeated harm, and thus lacks standing, "if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Id.* Thus, to prove his constitutional standing, Johnson must prove he intends, or at least intended, to return.

Johnson alleges he went to Divino Ristorante in March, June and July 2021 but Rosvin failed to provide wheelchair accessible outside dining surfaces. Compl. ¶ 10, ECF No. 1. He further alleges he "will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible," but he "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id.* ¶ 20. Drawing all reasonable inferences from the complaint's allegations in Johnson's favor, he has adequately alleged an intent to return to Divino Ristorante sufficient to support Article III standing. *See Civ. Rights Educ. and Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098-10 (9th Cir. 2017) (holding that plaintiffs sufficiently alleged standing where they alleged they "intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured.").

However, unlike *Civil Rights Education and Enforcement Center*, Rosvin brings a factual attack on standing. A factual attack on subject-matter jurisdiction challenges the truth of the allegations that would otherwise invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court may review evidence beyond the complaint to

resolve a factual attack on jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Once a moving party makes a factual attack "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.

Here, Rosvin's attack on Johnson's standing is a declaration from one of its owners, Juan Carlos Vargas, stating that Johnson never visited the restaurant and that any alleged intent to return should therefore be suspect. ECF No. 28. However, the Court finds Vargas's declaration improper on several grounds: it isn't signed under penalty of perjury; it contains statements that are factually incorrect (e.g., stating "I recognize Mr. Johnson from the settlement conference that has been conducted in this matter," when no settlement conference had taken place); and contains inadmissible hearsay ("I have two servers who work with me, neither of them has any recollection of ever seeing Mr. Johnson at Divino.").

In opposition, Johnson submitted a sworn declaration, testifying: "I intend to return at least once after I have been made aware that all barriers have been removed and after the conclusion of the case to test the adequacy of any remedial measures that are taken. I am deterred from returning until this occurs." Johnson Decl. ¶ 8, ECF No. 32-1. Johnson also states he travels to the Bay Area "sometimes" as an ADA advocate and tester. *Id.* ¶ 3.

The Court finds Johnson's declaration provides sufficient factual support of his intent to return to Divino Ristorante. Johnson's statements, though somewhat broad, are made under penalty of perjury and provide direct evidence of his intent. Further, Rosvin did not file a reply and has not presented any argument to rebut Johnson's declaration. At this stage of the proceedings, and in the absence of evidence that Johnson does not actually intend to return to Divino Ristorante, these statements are enough to support the complaint's allegations pertaining to standing. *See, e.g., Garcia v. Chung Enterprises, L.P.*, 2021 WL 7285264, at *5 (N.D. Cal. Dec. 14, 2021).

Where defendants assert factual attacks on ADA plaintiffs' standing to bring suit, some courts have permitted evidentiary hearings to evaluate plaintiffs' intent to return to the public accommodation at issue. *See id.* at *4 (citing *Rutherford v. Evans Hotels, LLC*, 2020 WL

3

1  5257868, at *1 (S.D. Cal. Sept. 3, 2020)). The Court acknowledges that a jurisdictional

2  evidentiary hearing could be proper under certain circumstances—for instance, where a

3  declaration is internally inconsistent as to the material jurisdictional facts asserted. Overall,

4  however, the Court agrees that "if an ADA plaintiff is going to be disbelieved on the issue of

5  standing, it should be in the context of factfinding, not in the context of a Rule 12(b)(1) motion."

6  *Id.* (brackets omitted).

7  Here, given Johnson's asserted intent to return to Divino Ristorante and the absence of

8  direct evidence rebutting that intent, an evidentiary hearing is not warranted. That said, the Court

9  is under a continuing obligation to ensure subject matter jurisdiction exists over Johnson's claims

10  at all times. At the same time, the Court recognizes that the relevant facts are in dispute, yet

11  discovery is currently stayed under General Order 56. In situations such as this, "where pertinent

12  facts bearing on the question of jurisdiction are in dispute, discovery should be allowed" to test the

13  veracity of the jurisdictional allegations. *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793,

14  801 (9th Cir. 1989) (stating that district court has discretion to grant discovery where there is a

15  dispute regarding the court's subject matter jurisdiction). Accordingly, the Court will allow both

16  parties the opportunity to conduct limited discovery bearing on the jurisdictional facts in this case.

17  Should subsequent facts arise in the course of discovery that would provide a direct basis to doubt

18  Johnson's sworn statements of his intentions to return to Divino Ristorante, Rosvin is welcome to

19  renew its standing challenge at that point. *See, e.g., Whitaker v. Peet's Coffee, Inc.*, 2022 WL

20  1189888, at *5 (N.D. Cal. Apr. 21, 2022) (denying motion to dismiss ADA case on standing

21  grounds but recognizing that subsequent facts might arise in discovery that warrant a renewed

22  motion to dismiss) (citing *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 876 n.3 (S.D. Cal. 2019)).

23  For the reasons stated above, Rosvin's motion "to order plaintiff and his lawyer to

24  establish that standing exists to bring this lawsuit." is **DENIED WITHOUT PREJUDICE**. The

25  Court **ORDERS** the parties to meet and confer to establish a plan for limited jurisdictional

26  discovery, including the taking of Johnson's deposition. This limited discovery period shall not

27  exceed 60 days. If Rosvin subsequently chooses to file a motion to dismiss for lack of subject

28  matter jurisdiction under Rule 12(b)(1), the Court may schedule an in-person evidentiary hearing

to test the veracity of the jurisdictional allegations.

**IT IS SO ORDERED.**

Dated: June 6, 2022

                                                                                 THOMAS S. HIXSON
                                                                                 United States Magistrate Judge